IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KEYPOINT GOVERNMENT SOLUTIONS, INC.** | : |
| Plaintiff, | : Case No. 3:17-cv-00108 |
| v. | : Judge Thomas M. Rose |
| **DANIEL J. PIERRON** | : |
| Defendant. | : |

## AGREED PERMANENT INJUNCTION

The Court previously entered an Agreed Temporary Restraining Order (Doc. #8) and an Agreed Preliminary Injunction (Doc. #9) on Plaintiff KeyPoint Government Solutions, Inc.'s ("KeyPoint" and "Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction against Defendant Daniel Pierron ("Pierron" and "Defendant"). Pursuant to the agreement of the Parties, the Court hereby converts the Agreed Preliminary Injunction to an Agreed Permanent Injunction as follows:

**IT IS ORDERED** that Pierron:

1. Shall not retain, use, or disclose to any third party any material (including all documents and data) relating to KeyPoint and its clients, including KeyPoint's or its clients' confidential material and trade secrets;

2. Affirms that he has retuned all materials in his possession and control relating to Keypoint and its clients. To the extent that Pierron later discovers material relating to Keypoint and its clients in his possession or control, he shall: (a) immediately notify Keypoint's counsel of record in this matter; (b) not use or disclose the material to any third party; and (c) preserve and protect the material until the Keypoint and Pierron can agree to a protocol for returning or destroying the material; and

3. Shall cooperate reasonably with Keypoint and its attorneys or representatives in connection with any dispute, lawsuit, arbitration, or any internal or external investigation involving KeyPoint (a "Proceeding") with

1

respect to which KeyPoint or its attorneys reasonably believe Pierron may possess relevant information. Upon reasonable notice and at reasonable times, and for reasonable periods that do not, to the extent practicable, unduly interfere with Pierron's employment, Pierron shall make himself available for interviews, witness preparation sessions, and appearances in connection with any Proceeding (including, but not limited to, appearances at depositions, hearings and trials).  Nothing in this Order shall limit, restrict, preclude, require or influence Pierron's testimony in any Proceeding or cause Pierron not to provide truthful testimony or information in any Proceeding or in response to any inquiry by a government official or representative.

**IT IS FURTHER ORDERED** that, subject to approval by the applicable and appropriate federal agencies, Pierron's laptop hard drive and all other data and devices, including thumb drives, that contained information relating to Keypoint and its clients shall be wiped and all contents shall be deleted.  Before the devices are wiped, Pierron may recover any personal photographs, music files, and personal documents from the hard drive, provided that the computer forensic expert used in this matter first review and confirm that no KeyPoint or government data is embedded or hidden in said photographs, music files, or documents.  The fees of the computer forensic expert to perform such work (related to photograph search) shall be borne by Pierron.  After the devices are wiped and all contents are deleted, they shall be returned to Pierron.

This Order shall be promptly filed in the Clerk's office and entered in the record. It shall continue in full force and effect until otherwise modified by the Court.

**IT IS SO ORDERED**.


February 20, 2018                              ***/Thomas M. Rose**
                Thomas M. Rose, U.S. District Judge